C. H. WILLIAMS, President Meridian Savings Institution, vs. A. K. RAMSEY.

1. PRACTICE: *Supreme Court. Bill of exceptions.*
Where exceptions were taken on the trial of the cause, at the November term, 1874, of the circuit court, and no bill of exceptions signed by the circuit judge until the 6th day of April, 1875, in vacation, *held,* that this was error. A bill of exceptions is a written statement of objections made by the party, and certified by the judge, and placed on the record for the information of the court having cognizance of the case in error. There was no such thing as a bill of exceptions at common law. It was first authorized in England by statute of Westminster, 2d (13 Edward I., ch. 31). The principle has been adopted in all the states of the Union.

2. SAME: SAME: *Rule on the subject.*
A bill of exceptions must be signed during the term of the court at which the cause is tried. But this rule has been so far departed from as to permit the signing of the bill of exceptions at a period subsequent to the term, by the consent of parties, and that consent made a matter of record; otherwise, the bill of exceptions cannot be signed by the circuit judge in the vacation of his court. The party excepting to the rulings of the court has a right to demand the signature of the judge during the term.

3. SAME: SAME: *Code of 1871, ¿ 646.*
If the judge shall refuse to sign a bill of exceptions, when tendered in writing, it shall be lawful for two attorneys at law, who were present, etc., to sign such bill of exceptions, and it shall have the same effect as if it had been signed by the judge. If it cannot be perfected in either of these modes, the judge may then, *ex necessitate rei,* to prevent a failure of justice, be compelled by mandamus to sign the same. Graham's Pr. 285.

ERROR to the Circuit Court of *Lauderdale* County.

Hon. ROBERT LEACHMAN, Judge.

The facts in this case are fully set forth in the opinion of the court.

The question arises on motion to dismiss the bill of exceptions, because it was signed by the circuit judge in vacation.

*Hamm & Fewell* and *B. Y. Ramsey,* for motion:

We submit that the paper purporting to be a bill of exceptions is a nullity. See Code of 1871, §§ 648–652, 644–646, 534. The clear and manifest intention—the only reasonable and just construction of those several provisions—is that a bill of exceptions must be signed by the judge in term time. See

Tucker v. Gorden, 7 How., 306 ; *Ex parte* Bradstreet, 4 Pet., 102 ; Walten v. United States, 9 Wheat., 651 ; Shepperd v. Wilson, 6 How., 275 ; Calay's Ex'rs v. Evans, 4 Bush., 409 ; Pick v. Van Krit, 15 Ind., 159 ; Hicks v. Persons, 19 Ohio, 426 ; Situs v. Ransome, 6 Johns., 279 ; Medberry v. Collins, 9 Johns., 345 ; Wilcoxson v. McBride, 23 Mo., (2 Johns.), 404 ; Clark v. Lacy, 3 Sneed., 77 ; Housten v. James, 4 Texas, 170 ; 5 N. H., 366 ; Clemsen v. Munfer, 1 Bruce, 162 ; Law v. Goldsmith, R. M. Charlt., 288 ; 3 Humph., 372 ; 8 Mo., 427 ; 1 Watts & S., 488 ; Beggs v. McLaine, 3 Marsh., 360 ; Powers v. Wright, Minor, 66 ; Law v. Merrell, 6 Wend., 268 ; Halloway v. Halloway, Minor, 131 ; Hughs v. Robinson, ib., 261 ; Hawkins v. Lowry, 6 Mars., J. J., 247 ; Robins v. Penchald, 5 S. & M., 51 ; Allard v. Smith, 2 Metc. (Ky.), 297 ; Thompson v. Hatchaway, 12 Ind., 479 ; Hause v. Miller, 21 Ill., 636 ; McGavock v. Puryear, 6 Coldw. (Tenn.), 34 ; Earl v. Dewper, 30 Ind., 11 ; Burt v. Mayne, 13 Ill., 664 ; Nixon v Phelps, 3 Miss. (W., 29), 198 ; Ellis v. Andrews, 25 Mo. (4 Jones), 327 ; Due v. Brown, 6 Ohio (U. S.), 12 ; Lawton v. Swetert, 10 Ind., 562 ; Busby v. Finn, 1 Ohio St., 409 ; Vandereen v. Griffith, 2 Metc. (Ky.), 425 ; Lake Erie R. R. Co. v. Loreland, 14 Ind., 291 ; Howard v. Burke, ib., 35 ; Hassenger v. Pye, 10 Mo., 156 ; Depenbrack v. Shaig, 21 Mo. (6 Ben.), 122 ; Sutter v. Street, ib., 151 ; State v. McO'Bleime ib., 272 ; Furrer v. Finney, ib., 569.

It devolves upon the plaintiff in error to show the reasons which authorize the non-observance of the general rule ; the reasons are to be shown by an agreement of the counsel on the other side, or by an order of the court allowing the party excepting time to have a bill of exceptions settled. *Ex parte* Bradstreet, 4 Pet., 102 ; Claggert v. Gray, 1 Clarke (Iowa), 19 ; Burt v. Wayne, 13 Ill., 664 ; Ellis v. Andrews, 25 Mo. (4 Jones), 327. If a bill of exceptions be signed under an order of the court, the minutes or records must show such order. Vandear v. Griffith, 2 Metc. (Ky.), 425 ; Hance v. Miller, 21 Ill., 636 ; Tracy v. Kaufman, 13 Ind., 356 ; Thompson

*v.* Hatchaway, 12 Ind., 479; ib., 380; 2 Metc. (Ky.), 376; ib., 425; Burt *v.* Wayne, 13 Ill., 664, *supra.*

*Frank Johnston,* on same side:

A bill of exceptions signed in vacation is a nullity, the judge having no power to sign the bill after the term.   Carly *v.* Evans, 4 Bush, 410; Clenland *v.* Stein, 14 Mich., 335; Philips *v.* Soule, 6 Allen, 150; Ellis *v.* Andrews, 25 Mo., 329   There is no conflict in the decided cases on this question.   In Ralosum *v.* Herr, 14 Ind., 539, 540, the bill of exceptions was signed in vacation, and the judge signed a statement or certificate that it was signed by agreement of counsel; this "statement or certificate" was held not to be a part of the record, and the court refused to consider it.   So in the case at bar the statement or certificate of the judge is no part of the record; the statement itself is extra judicial.   It is no part of the functions of a judge to state or certify in vacation what he supposes was the oral agreement of counsel.   The signing of a bill of exceptions is a solemn official act, which should never be performed unless required by law.   Dent *v.* Davidson, 52 Ill., 113.   And with the same reason no statement or certificate should be given by the judge except where required or authorized by law.

The question comes within the operation of rule 26, in Claysett *v.* Gray, 1 Clarke (Iowa), 23.   There was no notice given to defendant in error of the time or place when and where the supposed bill of exceptions was settled; such notice, in any event, unless legally varied, was requisite.   Shepperd *v.* White, 3 Cow., 33; §§ 646, 648, Code, 1871, are to be construed together, on the overruling of a motion for a bill of exceptions.   The bystanders could, of course, sign the bill, for § 646 expressly includes all motions.   But § 648 simply gives the right, on a motion for a new trial, to take a bill of exceptions—embodying the whole evidence.

*Harris & George, contra:*

It would be a matter of regret if a solemn agreement of

counsel, so made for the convenience of both sides, and this certified to by the judge, should be disregarded, and thereby the end of all justice defeated, by refusing the plaintiff in error of his right to have the judgment reversed in this court. The statute of Westminster ( 2, chap. 31), which allowed bill of exceptions in England, did not prescribe any terms on which the exceptions should be sealed. It, however, allowed exceptions only which were taken during the progress of the trial. The courts ruled, however, that, as the exceptions could only be taken during the progress of the trial, they would be valid at the term they were taken—the substance written down at the time, but that the formal bill might be drawn up afterwards. See 2 Bac. Abr., 115, 116 ; 2 Todd's Pr., 864. If the exceptor does all in his power that the law requires him to do, and the judge refuses to seal the exceptions, the exceptor has his remedy by mandamus to compel the judge to do so. 2 Tidd's Pr., 863 ; *Ex parte* Bradshaw, 4 Pet , 102.

It is the universal practice in reference to all exceptions, if they be properly noted at the time, that the progress of the business of the court shall not be suspended to enable counsel to draw them up in form, and this is always done afterwards. See *Ex parte* Bradshaw, 4 Pet., 104 ; Campbell *v.* Shully, 3 Cow., 32 ; McDonald *v.* Faulkner, 2 Pike, 472 ; Sike *v.* Ransom, 6 Johns., 279 ; Medberry *v.* Collins, 9 ib., 346. The right to seal at any length of time afterwards is expressly recognized by Judge TANEY in Greenway *v.* Gaston. Taney's Decisions, 227. The supreme court of Connecticut ruled, in Camp *v.* Tompkins, 9 Conn., 549, that it was in the discretion of the court below to fix the time for allowing exceptions.

In Dutcher *v.* Clark, 19 Johns., 246, the court expressly recognizes the right of the appellate court. In Walton *v.* W. S., 9 Wheat, 651–657, the court, after saying that the exceptions must be taken during the trial, proceed to say that they do not mean to say that it is necessary that the bill of exceptions should be formally drawn and signed before the trial is

ended.   The supreme court of Alabama, in two cases, have extended the signing to vacation.   Pool v. R. R. Co., 5 Ala., 237 ; Strader v. Alexander, 9 Porter, 441.

It is recognized in the circuit court of the United States that a bill of exceptions may be signed after term time.   See Taney's Decisions, 277, *supra;* and so in *Ex parte* Bradshaw, 4 Pet., 104, *supra*.   And the supreme court of New Jersey also expressly recognizes that an agreement made in open court will authorize the signing after the term.   Agner v. Campbell, 2 Har. (N. J.), 291 ; Porter v. Douglass, 5 Cush.

PEYTON, C. J., delivered the opinion of the court.

This is a motion made by the defendant in error to affirm the judgment of the court below, on the ground that, there being no valid bill of exceptions, no question is presented by the record for the decision of this court.

The validity of the bill of exceptions is the main question presented by this motion for adjudication.

In support of this motion it is insisted that the bill of exceptions, having been signed by the circuit judge who tried the cause, in vacation, constitutes no part of the record.

In the court below the jury rendered a verdict for the plaintiff against the defendant.   Whereupon the defendant made a motion to set aside the verdict and grant a new trial for the following reasons : 1st. Because the court erred in granting the instructions asked by the plaintiff.   2d. Because the jury found contrary to the evidence and the instructions of the court.   3d. Because the court erred in admitting evidence of the representations of Covert and Williams, who were of the Cotton Mills Company, made to Ramsey, to go to the jury as evidence—which motion was overruled by the court, and to this action of the court, in overruling the motion, the defendant excepted, and on the last day of that term of the court tendered his bill of exceptions to the judge for authentication by his signature and seal ; but as there was some disagreement

between counsel as to some matters in the said bill, it was agreed by counsel in open court, on the last day of the term, that the said bill of exceptions, if counsel failed to agree, might be signed by the judge in vacation, as of the term, which was accordingly done.

The motion for a new trial was overruled by the court in November, 1874, and the bill of exceptions to the ruling of the court upon the motion was not filed until some time in the month of April, 1875.

It is much to be regretted that this matter was not earlier settled; but reluctant as I am to see causes pass off on other grounds than such as settle the merits of the controversy, either in fact or law, yet I deem it of the highest importance to the legal profession, and to the community at large, that there should be some settled rule upon the subject, and uniformity of decisions in regard to matters of practice.

A bill of exceptions is a written statement of objections to the decision of the court upon a point of law, made by a party to the cause, and properly certified by the judge or court who made the decision. And its object is to put the decision objected to upon record, for the information of the court having cognizance of the cause in error,

There was no such thing as a bill of exceptions at the common law. The parties were concluded as to error in the law, by the record, and ordinarily nothing was put into the record except the process, pleadings, verdict, and judgment. The evidence and rulings of the court during the progress of the cause do not appear in the record.

To remedy this defect in the proceedings at common law, and for a more perfect administration of justice, bills of exception were first authorized in England by statute of Westminster (13 Edw. I., chap. 31), the principles of which have been adopted in all the states of the Union, though the statute has been held to be superseded in some by their own statutes. It provides for compelling the judges to sign such bills, and

for securing the insertion of the exceptions in the record. They may be taken by either of the parties, plaintiff or defendant.

Under this statute it was held in England that the courts were not bound to sign and seal a bill of exceptions tendered at the succeeding term of court. In the case of Wright v. Sharp, 1 Salk., 288, 299, HOLT, C. J., says : " The statute indeed appoints no time, but the nature and reason of the thing requires the exceptions should be reduced to writing when taken and disallowed, like a special verdict, or a demurrer to evidence ; not that they need be drawn up in form, but the substance must be reduced to writing while the thing is transacting, because it is to become a record."

In the case of Ellis v. Andrews, 25 Mo., 327, it was said to have been settled that a bill of exceptions must be signed during the term of the court at which the cause is tried. The rule, however, has been so far departed from that it is permitted to sign the bill of exceptions at a period subsequent to the term at which the trial takes place, when the consent of the parties is given to such a course, and that consent is made a matter of record. And in Michigan it is held that a circuit judge having granted no order fixing a time for preparing and settling exceptions during the term in which the judgment was rendered, he could exercise no power over the matter at a subsequent term. Cleveland v. Stein, 14 Mich., 335.

It is for the judge to determine, in the first place, whether, under the law, he is bound to sign a bill of exceptions, and whether the party demanding it has conformed to the law in preserving the exceptions, and has made up and presented it as required by the law, and has, in other respects, a legal right to demand his signature to the bill. The signing a bill of exceptions is a solemn official act, which should never be performed unless required by law. But when the law requires it, the judge should promptly and without delay discharge his duty.

If the parties cannot agree upon the facts to be set out in the bill of exceptions, it then becomes the imperative duty of

the judge who tried the cause, whilst these facts are fresh in his memory, to settle the bill of exceptions, and sign and seal the same.

Our statute provides that, if the judge shall refuse to sign the bill of exceptions to any opinion, decision, or charge given or made on the trial of any cause or *motion* in such court, when such bill of exceptions is tendered to such judge in writing, it shall be lawful for any two attorneys at law, who may have been present at the time of giving or making such opinion, decision, or charge, and of the refusal of such judge to sign such bill of exceptions as aforesaid, to sign the same; which bill of exceptions, so signed, shall have the same force and effect as if the same had been signed by such judge. Section 646 of the Code of 1871. And if the bill of exceptions cannot be perfected in either of these modes, the judge may then, *ex necessitate rei*, to prevent a failure of justice, be compelled by mandamus to sign the same. Graham's Pr., 285.

This statute seems to contemplate that the bill of exceptions shall be perfected during the term at which the trial is had, either by the signature of the judge who tried the cause, or those of two attorneys at law. The party objecting to the ruling or decision of the court should take his exception at the time of the trial, but it is not necessary that the bill of exceptions should be formally drawn up and signed before the trial is at an end. It will be sufficient if the exception is taken at the trial, and noted by the court with the requisite certainty, and it may afterwards, during the term, be reduced to form and signed by the judge; but in all such cases the bill of exceptions has relation back to the trial, and is signed *nunc pro tunc*, and purports on its face to be the same as if actually reduced to form and signed pending the trial. Law *v.* Merrills, 6 Wend., 268; *Ex parte* Bradstreet, 4 Pet., 106; Walton *v.* United States, 9 Wheat., 651; Sheppard *v.* Wilson, 6 How. (U. S.), 275. This is believed to be the general practice, and it is certainly the most correct one, and one which commends

itself to our favor and adoption for its certainty in embodying a correct statement of the facts in the bill of exceptions before they have had time to fade from the memory of the counsel and of the court, and its tendency to relieve the court or judge from the disagreeable necessity of recalling the facts to mind by means of a dim recollection of them, resulting from the disagreement of the parties as to the facts, growing out of delay in settling the bill of exceptions.

The general rule on this subject is that the bill of exceptions should be drawn up, signed, and sealed during the term of the court at which the exceptions were taken. The only exceptions to this rule are such as arise from necessity in order to attain the ends of justice.

It is frequently the case on the circuits that the motion docket is not taken up, and cases thereon called, until the last day or two of the term. This is wrong. The cases on that docket should be decided in time to afford counsel ample opportunity to draw up his bill of exceptions and have the same settled and signed before the end of the term. If, however, it should so happen that any case should be decided so late in the term as to deprive the party of an opportunity to perfect his bill of exceptions during the term, he may, by order of court entered on the record, or by consent of parties, which must be made a matter of record, have further reasonable time allowed him after the expiration of the term, in the following vacation, to settle the bill of exceptions and have the same signed and sealed by the judge who presided at the trial of the case.

The time of taking the bill of exceptions is generally, in this country, dependent upon statutory regulations, which require it to be done during the term. The usual practice is to request the judge to note down in writing the exception, at the trial, as the matter is passed upon, and afterwards, during the term, to hand him the bill of exceptions, and submit to his corrections, from his notes or memory, or to suggest the amendments to be made. If he is to depend on his memory, it should

be presented to him immediately, or in a reasonable time after the trial. It would be dangerous to allow a bill of exceptions, in such a case, at a distant period, when he may not accurately recollect the matter—when the facts may have partially faded from his memory.

The bill of exceptions in this case not having been signed and sealed during the term, nor after the term, either by the consent of the parties made matter of record, or order of the court entered upon the record, cannot be regarded as valid and legally constituting any part of the record in this case.

Judge SIMRALL not sitting on the argument of this motion, and Judge TARBELL dissenting from the foregoing opinion, the result is, in legal effect, by a divided court to overrule the motion.