RANKIN COUNTY SAVINGS-BANK v. MATTIE J. JOHNSON.    | 56  125 |
                                                    | h79 462 |

1. BILL OF EXCEPTIONS. *By whom signed. Special judge.*
   A bill of exceptions must be signed by the regular judge of the court, although a special judge presided at the trial; and a bill signed by the special judge is insufficient.

2. SAME. *When signed. · Time and formalities when in vacation.*
   Generally, a bill of exceptions must be signed during the term of court at which the trial takes place; and if signed in vacation, it must, in the absence of an uncontrollable necessity, be signed before the next succeeding term; while in every case of signing in vacation, an order of court or consent of parties must be entered on the minutes of court at the term of the trial, as stated by PEYTON, C. J., in *Williams* v. *Ramsey*, 52 Miss. 851, or such consent must be given in open court at such term, and so certified in the bill of exceptions, as stated by SIMRALL, J., in *V. & M. R. Co.* v. *Ragsdale*, 51 Miss. 448.

MOTION to affirm the judgment below for want of a valid bill of exceptions, and counter-motion to file a bill.

*Buck & Clark*, for the motion to affirm.

As a rule, a bill of exceptions signed after the term is void. In order to make such bill good, it must appear of record that it was signed in the vacation succeeding the term at which the exceptions were taken, and in pursuance of an order of court entered, or the consent of the parties given during the term. Code 1871, sects. 648, 651; *Muller* v. *Ehlers*, 1 Otto, 249. The plaintiff in error neglected to tender a bill of exceptions to the judge for his signature within the time agreed upon by the parties, and it would be illegal and unjust to allow the bill now presented to be filed. Pow. on App. Proc., Appendix, 4; *Ex parte Bradstreet*, 4 Pet. 102; *Smith* v. *Blakeman*, 8 Bush, 476.

*Harris & George, contra.*

The signing of a bill of exceptions after the term is proper, when done in pursuance of the consent of the parties. When the exceptions are noted, simply, and no bill prepared during the term, the judge may afterwards sign the bill of exceptions *nunc pro tunc;* and that is what was done in this case. *Rosbaum* v. *Allis* (MS. op.); *Tucker* v. *Gordon*, 7

How. 306; *Porter* v. *Douglas*, 5 Cushm. 397; *Strader* v. *Alexander*, 9 Port. 441; *Pool* v. *Railroad Co.*, 5 Ala. 237; 2 Tidd's Pr. 863, 864; 2 Bac. Abr. 115, 116; *McDonald* v. *Faulkner*, 2 Pike, 472; *Sikes* v. *Ransom*, 6 Johns. 279; *Camp* v. *Tompkins*, 9 Cow. 549; *Walton* v. *United States*, 9 Wheat. 651; *Midberry* v. *Collins*, 9 Johns. 346; *Campbell* v. *Schnell*, 3 Cow. 32.

CHALMERS, J., delivered the opinion of the court.

Defendant in error moves to affirm the judgment, because there is no legal bill of exceptions in the transcript.

Plaintiff in error insists that the bill of exceptions on file is valid; but, if it be ruled otherwise, he asks leave now to file one properly authenticated.

The objection to the bill of exceptions found in the record is twofold: first, that it was signed by the attorney who presided as special judge, instead of by the circuit judge; second, that it was signed in vacation.

It was settled in the case of *Saunders* v. *Brown* (MS. op.), that sect. 536 required the bill of exceptions to be signed by the circuit judge; hence the first ground of objection is well taken. If, however, it appeared that the bill had been seasonably signed, and was in other respects regular, we should feel constrained to allow the bill, properly signed by the regular judge, which is now presented, to be filed in lieu of the one which, under a mistaken apprehension of the statute, — entertained, perhaps, upon both sides, — was signed by the special judge. The case was tried at the August term, 1877, of the Circuit Court of Rankin County. At the termination of the trial, counsel agreed in open court, as we were advised by the affidavits filed with these motions, that a bill of exceptions might be signed in vacation. Nothing was done to carry out this agreement until late in January, 1878, a few weeks before the meeting of the next term of the court; counsel for plaintiff below (defendant in error) declined then to agree to the bill made out by defendants,

both upon the ground that it was incorrect in the statement of facts, and because an unreasonable time had elapsed. Nothing further was done until the 5th of April following, when the bill was signed by the special judge, without the consent of counsel for plaintiff. In the meantime, a term of the Circuit Court of Rankin County, and also a full term of this court, had come and expired since the trial and judgment. We will consider the case as if, on the 5th of April, 1878, the regular judge had signed the bill, and ascertain whether it would then have been proper for him to have done so. The question of the validity of bills of exceptions signed in vacation was before this court in *Ramsey* v. *Williams*, 52 Miss. 851, and in *Vicksburg and Meridian Railroad Company* v. *Ragsdale*, 51 Miss. 448 ; but, owing to the disagreement among the judges (no two of them concurring in any well-defined view), no satisfactory conclusion was reached. Undoubtedly, the rule best sanctioned by the law, and most satisfactory to·all concerned, would be to require the bills of exceptions to be signed during the term. The practical inconvenience arising from a rigid enforcement of this rule has led everywhere to modifications, more or less liberal, and the result is that, where there is no express statute on the subject, each court has regulated the subject for itself. We do not think it prudent or safe to extend the power of signing bills in vacation further than was deemed permissible by PEYTON, C. J., in *Ramsey* v. *Williams*, *supra*, as slightly modified by SIMRALL, J., in *Vicksburg and Meridian Railroad Company* v. *Ragsdale*, *supra*. PEYTON thought it could never be done unless the court, of its own motion, entered an order to that effect on the minutes, or unless counsel entered a consent upon the minutes. SIMRALL thought that if the agreement of counsel was made in open court, and that fact was certified to us by the judge, in the bill of exceptions, this would be as satisfactory as if the agreement had been entered on the minutes. We adopt this rule, with the further requirement that the signing must take place before the next ensuing term of the court in which the trial was

had. It is agreed by all the authorities that the bill must be signed within a reasonable time, and we know no more satisfactory method of determining what is a reasonable time than the limit indicated by the terms of the court. Certainly this affords ample time, and a longer period would greatly increase the difficulty of correctly embodying the occurrences and testimony delivered upon the trial. Nothing short of an uncontrollable necessity could excuse a longer delay.

The bill of exceptions offered in this case comes up to none of the requirements here announced. There was no order entered upon the minutes, nor any agreement of counsel, either entered on the minutes or embodied in the bill of exceptions ; and it is quite evident, from the affidavits submitted, that neither party anticipated, when the agreement was made, any such unreasonable delay as occurred, nor is any excuse offered for the dilatory action on the part of defendants below in having the bill signed.

The motion for leave to file an amended bill is denied. The motion to affirm the judgment is sustained.