KING v. STATE.*

(In Banc.   Feb. 14, 1927.)

[111 So. 378.   No. 25945.]

1. WITNESSES. *Testimony in rebuttal of defendant's statements denying conversations threatening deceased, held admissible under circumstances.*

In prosecution for murder, testimony of conversations with defendant in rebuttal to his denial of making statements to effect that deceased had accused him of burning his store, and that he was going to kill him if he accused him again, *held* admissible, in view of evidence in connection with deceased's position at time of killing and proximity of place where killing occurred to store.

2. CRIMINAL LAW. *Alleged error in permitting special counsel to consume disproportionate time in argument can only be considered on special bill of exceptions.*

Only way that alleged error in permitting special counsel employed by state to consume disproportionate time in argument

can be brought to supreme court is for it to be embodied in a special bill of exceptions, which must show abuse of discretion of lower court in that regard.

3. CRIMINAL LAW. *Supreme court can take notice of arguments only when objection is taken thereto, and statements embodied in special bill of exceptions.*

Supreme court cannot take notice of arguments and what was said during argument, unless objection is taken at time, and statements embodied in a special bill of exceptions, either signed by the judge, or, in case of his refusal, by two attorneys present in court.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 127, n. 50; p. 135, n. 22 New; p. 143, n. 18; p. 145, n. 40; p. 170, n. 12; Witnesses, 40Cyc, p. 2735, n. 99.

APPEAL from circuit court of Pike county.
HON. E. J. SIMMONS, Judge.
J. K. King was convicted of manslaughter, and he appeals. Affirmed.

*Price & Price,* and *E. G. Williams* for appellant.

*M. S. McNeil* and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

Argued orally by *E. G. Williams* and *J. H. Price,* for appellant, and *M. S. McNeil* and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, J. K. King, was indicted for the murder of one Virgil Bailey in Pike county, Miss., and was placed on trial for and convicted of manslaughter, and sentenced to a term of seven years in the state penitentiary. From this sentence he prosecutes this appeal.

It is not necessary to set out the facts in detail, as we think there was a conflict in the evidence, and the evidence introduced for the state is sufficient to sustain the con-

viction. It will only be necessary to set out the facts with reference to the assignments which we shall consider and decide in this opinion.

The appellant testified in his own behalf, and on cross-examination was asked whether he did not, on Sunday before the killing, go into a filling station in the city and have a conversation with some one over the telephone, and if he did not say in that conversation, or at the close of it, in the presence of Mr. Spence, the manager of the filling station:

"If that son of a bitch accuses me of burning his store again, I will kill him."

To which question he stated that he had no recollection of any such conversation, and denied having a conversation over the telephone at that place on said occasion. He was further asked if he did not state to the mayor of the town that Bailey had accused him of burning his store, and he denied making that statement. In rebuttal, the state put these witnesses upon the stand, and they testified to these respective conversations. The mayor testified that Mr. King was in his place of business about five o'clock in the afternoon, before this killing occurred at night; that Mr. King stated to him, "Mr. Bailey has accused me of having something to do with setting fire to his store building;" and he (the mayor) then said, "Mr. Bailey was in here a day or so ago, and he said some one had attempted to burn his building." Mr. King replied, "Yes, he has accused me."

Mr. Spence, a witness to the conversation in the filling station, testified that Mr. King was in that place on Sunday, before the killing on Friday, and had a conversation over the telephone; that, when he hung up the receiver of the telephone, he turned and said:

"If that son of a bitch accuses me of burning his store again, I will kill him."

He did not call any names.

It appears in the evidence that Mr. Bailey had a store in the city, and about a week before the killing some one

attempted to set fire to it, and Mr. Bailey had stated to some people that Mr. King was guilty of this act. In view of the evidence introduced for the state in connection with Mr. Bailey's position at the time of the killing and the outcries he made, and in view of the proximity of the place where the killing occurred to the store, we think this evidence was permissible and pertinent to the issue, and there was no error in the admission of same.

It was also assigned for error that the court erred in permitting special counsel employed by the state to consume one hour and a half of the two hours allowed for argument to each side in the closing argument for the state. The facts with reference to this error did not appear by a special bill of exceptions, but by a statement on motion for a new trial to the effect that counsel for defendant, in the absence of counsel for the state, requested the court to control the time which special counsel would be allowed to speak, and not permit him to have so much time in closing the case. The court stated that it did not think it could control that matter. The district attorney opened the case for the state for thirty minutes, but there was no special bill of exceptions to show how fully the case was gone into in the opening argument, nor what was said by the district attorney in presenting the case. The only way that matters of this kind can be brought to this court and assigned for error is for them to be embodied in a special bill of exceptions, which bill must show an abuse of discretion in that regard. *Cartwright* v. *State,* 71 Miss. 82, 14 So. 526; *Powers* v. *State,* 83 Miss. 691, 36 So. 6.

It is also assigned as error that the court erred in permitting certain statements and arguments to be made by the special counsel employed to assist in the prosecution. The only bill of exceptions with reference to this matter is as follows:

*"Exception to Statement of Atty. McNeil.*—We except to a statement of McNeil as to a man being shut off from the right of self-defense, stating as a matter [of

fact] that the law is so and so, quoting exactly the language in an instruction asked for by the state and marked 'Refused,' which is here referred to, and asked to be considered as fully as set out herein.

"J. H. PRICE,

"E. G. WILLIAMS,

His Attys.

"Signed, subject to explanation, *supra*. (See Sten. notes.)

"E. J. SIMMONS, Judge."

On page 251 of the record, the court's statement appears as follows:

"With reference to the above-mentioned paper, handed the court as a special bill of exceptions to the argument of counsel in this case, the court had not refused any instructions asked by the state. Instructions, which upon reading appeared subject to criticism, were withdrawn, and only the instructions marked 'Given' were, in fact, presented to the court for approval or refusal.

"This bill of exceptions was handed the trial judge while the jurors were retiring to the room to consider of their verdict, and the jury had retired before the court understood the purport of the matter complained of.

"It is the recollection of the court that the argument of counsel was not subject to criticism, and for all the reasons mentioned no admonition was given the jurors with reference to the matter in the paper.

"The bill of exceptions will be filed, with this statement of facts by the court."

This instruction is not copied into the bill of exceptions, nor into the statement of the court; but in the evidence on a motion for a new trial it appears that Mr. McNeil, in making his argument for the prosecution, read from a paper in the form of an instruction which the court had not marked "Given" or "Refused," as follows:

"If the jury believe from the evidence beyond all reasonable doubt that King armed himself with a deadly

146 Miss.—19.

weapon, to-wit, a pistol, for the purpose of killing Bailey, and went to Bailey's store, and secreted himself in the alleyway for this purpose, armed as aforesaid, intending to provoke a difficulty with Bailey, and overcome him and kill him, then under the law King is cut off from the right to plead self-defense.''

It is also contended that counsel for the prosecution read from transcripts of the stenographer's notes of the evidence in the present trial, and from the transcribed testimony of certain witnesses for the prosecution in the preliminary trial, and that this was error. The evidence with reference to what was said, and as to whether counsel was reading from his own notes, or from transcribed notes of the testimony taken during the trial, is conflicting. There was no special bill of exceptions taken during the trial to this alleged argument, and it was not embodied in a special bill of exceptions taken, as required in the decision. *Powers* v. *State,* 83 Miss. 691, 36 So. 6; *Cartwright* v. *State,* 71 Miss. 82, 14 So. 526.

We cannot, under these authorities, take notice of arguments, and what was said during the argument, unless objection is taken at the time, and the statements embodied in a special bill of exceptions, either signed by the judge, or, in case of his refusal, by two attorneys present in court, as provided by statute. The arguments complained of would be serious if they were properly presented to the court, but to look to the evidence taken on motion for a new trial would not only violate the law as announced in these decisions, but would involve the court in deciding conflicts of evidence. It may be embarrassing to counsel to stop opposing counsel, by objecting and having a bill of exceptions prepared; but in such case they must choose between taking a proper objection by a bill of exceptions, or waiving their objections to the argument. In such case, counsel making the argument has a right to be advised of the objections and the court's ruling; and, if the argument he intends to make is improper, he must be allowed to reshape his argument.

Counsel cannot wait until after the argument is finished, and the jury has retired, to present his objections and exceptions. There is no reversible error in the record, and the judgment must be affirmed.

*Affirmed.*