REED, Chief Judge.
The .petitioner, Perline Shellman, is a resident of Dade County. She is seeking in this original proceeding a writ of mandamus to compel J. R. Norvell, as Sheriff of St. Lucie County, to serve a summons on her husband in a suit for dissolution of marriage. The husband is residing in St. Lucie County. The petitioner alleged that she is an indigent and is entitled to such service without the payment of the statutory fee of $7.50 (see Ch. 72-92, Laws of Florida, 1972). We issued the alternative writ on 18 September 1972 to Sheriff Nor-vell who has now responded.
The sheriff’s response to the alternative writ raises no issue of fact as to petitioner’s indigency or her inability to pay the fee. The sheriff bases his refusal to serve the summons without the payment of the statutory fee on Section 57.081, F.S.1971, F.S.A., which provides:
“(1) Insolvent and poverty stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, clerks, and constables of the county in which they reside, without charge. . . . ” (Emphasis supplied.)
The sheriff contends that the benefits he must provide under this statute extend only to residents of his territorial jurisdiction, i. e., St. Lucie County. We agree with the sheriff’s construction of the statute, but nevertheless conclude that the peremptory writ of mandamus should issue to compel the sheriff to serve the process in question. We base our conclusion squarely on the case of Boddie v. Connecticut, 1971, 401 U.S. 371, 383, 91 S.Ct. 780, 784, 787, 28 L.Ed.2d 113, wherein the Supreme Court of the United States declared:
(p. 784)
“ . . . Our conclusion is that, given the basic position of the marriage relationship in this society’s hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages.”
* * * * #
(P- 787)
“Just as a generally valid notice procedure may fail to satisfy due process because of the circumstances of the defendant, so too a cost requirement, valid on its face, may offend due process because it operates to foreclose a particular party’s opportunity to be heard. The State’s obligations under the Fourteenth Amendment are not simply generalized ones; rather, the State owes to each individual that process which, in light of the values of a free society, can be characterized as due.
“Drawing upon the principles established by the cases just canvassed, we conclude that the State’s refusal to admit these appellants to its courts, the sole means in Connecticut for obtaining a divorce, must be regarded as the equivalent of denying them an opportunity to be heard upon their claimed right to a dissolution of their marriages, and, in *419 the absence of a sufficient countervailing justification for the State’s action, a denial of due process.”
See also Opinion No. 072-137 of the Attorney General of the State of Florida.
The limitation on the sheriff’s duty imposed by the emphasized language of the statute quoted above is at variance with the due process clause of the Fourteenth Amendment to the United States Constitution as construed by Boddie v. Connecticut, supra. Hence, the statute should be given effect without regard to such limitation.
Writ Issued.
WALDEN and MAGER, JJ., concur.