293 So.2d 9 (1974)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
R.P. TAYLOR et ux.
No. 47480.
Supreme Court of Mississippi.
April 8, 1974.
*10 Ben Owen, Columbus, for appellant.
Threadgill & Smith, Gary L. Geeslin, Columbus, for appellees.
BROOM, Justice:
Judgment appealed from was rendered in a special court of eminent domain in Lowndes County, Mississippi. At issue was the amount of damages resulting from the taking by appellant of a portion of land owned by appellees, R.P. Taylor, et ux. The jury's verdict was $21,000. We affirm.
A special court was constituted pursuant to Mississippi Code Annotated section 11-27-1 (1972) [formerly Mississippi Code 1942 Annotated section 2749-01 (Supp. 1972)]. Pertinent facts will be related along with issues discussed in this opinion.

I.
Argument is made that the amount of the verdict is so excessive that it indicates bias and prejudice on the part of the jury. Appellees' lands consisted of twenty-five acres near the City of Columbus, Mississippi which abutted Highway 82 on the north side of the highway to the west of Columbus. Of that twenty-five acres the appellant condemned 1.52 acres in the shape of a rectangle measuring 660 feet (which was highway frontage) by 100 feet. The jury viewed the property and heard testimony of seven appraisers whose estimates of damage to the property ranged from a low of $1,050 to a high of $36,300.
While the award seems high to us, the rule is that the amount is for the jury to determine. This Court will not set aside a jury verdict unless the record reveals that the verdict was so grossly excessive that it evinces passion or prejudice on the part of the jury. This rule is especially applicable where, as here, the jurors themselves viewed the property and heard credible (though contradictory) testimony from qualified appraisers. Mississippi State Highway Comm'n v. Haggard, 248 So.2d 639 (Miss. 1971).
We point out that this land has unique qualities as valuable commercial property. It is the first tract adjacent to and immediately west of a "no-access" bypass around Columbus. Prior to the taking of the strip of land, appellees had unrestricted access to U.S. Highway 82, but the taking carried with it all direct access from the tract to the highway  a heavily traveled arterial route.

II.
The next proposition before us concerns receipt into evidence of testimony about sales of comparable property made to a condemnor. Generally, sales of property made to agencies vested with the power of eminent domain cannot be used in eminent domain trials as comparable sales. Such exchanges of property are more in the nature of compromises and ordinarily cannot be used as fair indicators of market value. Foster v. Mississippi State Highway Comm'n, 244 Miss. 57, 140 So.2d 267 (1962); Mississippi State Highway Comm'n v. Ladner, 243 Miss. 176, 137 So.2d 784 (1962); Dantzler v. Mississippi Highway Comm'n, 190 Miss. 137, 199 So. 367 (1941).
The present situation is an exception to the general rule because the testimony objected to related to a sale of land by a landowner to an agent for the Four County Electric Power Association, which agency had the power of eminent domain. It was "an arm's length" transaction. The *11 sale was made by a willing seller without knowledge that the buyer would in fact be a power association. Therefore, such a comparable sale would be pertinent as an aid to the jury in arriving at what was the fair market value of the property. It follows that the rule which ordinarily would exclude such a sale is not applicable in the present situation.

III.
The last proposition before us has to do with certain remarks made by the attorney for appellees while he was conducting voir dire examination of jurors. It is said that appellees' counsel referred to the condemnor, appellant, as "the government." Injection of "the government" in the presence of jurors has under certain circumstances been held grounds for a new trial. Mississippi State Highway Comm'n v. Nixon, 253 Miss. 636, 178 So.2d 680 (1965); Mississippi State Highway Comm'n v. Ulmer, 251 Miss. 710, 171 So.2d 126 (1965); Mississippi State Highway Comm'n v. Deavours, 251 Miss. 552, 170 So.2d 639 (1965); Mississippi State Highway Comm'n v. Stout, 242 Miss. 208, 134 So.2d 467 (1961).
We do not reach the merits related to counsel referring to appellant as "the government" here because the matter was not preserved. Nowhere in the record is the episode complained of revealed except in a motion for a new trial dated October 2, 1972 in which the matter is referred to but not set out in detail. Of course, such a scant reference being in a motion for a new trial does not place the matter before us as a part of the record. Pertinent here is Thompson v. State, 220 Miss. 200, 70 So.2d 341 (1954), which said improper argument of an attorney cannot be made part of the record by affidavit.
The proper procedure to preserve such action as that complained of here in referring to appellant as "the government," where the same is not contained in the transcript or taken down by the court reporter, is by bill of exceptions as provided by Mississippi Code Annotated section 11-7-207 (1972) [formerly Mississippi Code 1942 Annotated section 1533 (1956)]. (See also Mississippi Code Annotated section 99-17-41 (1972) for a similar statute applicable in criminal practice.) Section 11-7-207 provides that bills of exceptions applicable to cases such as that before us here "must be tendered and signed during the trial, or during the term of the court, ..." Here, the bill of exceptions embracing and purporting to preserve the alleged error was marked filed on October 19, 1972, which was almost a full month after the date of the one day trial. The judge refused to sign it until corrections were made, which was done when he actually signed an amended bill of exceptions on November 3, 1972. We note also that the opinion of the trial judge, in addressing the reference of appellees' counsel to condemnor as "the government," said that in each of the two instances "the court sustained the objection ..." and that "there was no motion for a mistrial."
Eminent domain proceedings now under Mississippi Code Annotated section 11-27-1 (1972) et seq., may be in term time or, as in the instant case, in vacation. Of course, trial in vacation does present the practical problem of how counsel may prepare a motion for a new trial [which ordinarily, as held in Boydstun v. Presley, 244 Miss. 390, 141 So.2d 561 (1962), must be filed before the court term adjourns], or a bill of exceptions, and tender such during the trial which, as in this case, often lasts only a day. Absent any alleviating section dealing with the time logistics in the recently enacted eminent domain chapter, the situation is somewhat anomalous. Bills of exceptions and motions for a new trial may by agreement of court and counsel be filed subsequent to the term or date of trial in a special court, provided such consent is made a matter of record. Williams v. Ramsey, 52 Miss. 851 (1875). See also May v. Layton, 213 Miss. 129, 55 So.2d 460 (1951), where an additional day was allowed within which to file a bill of exceptions *12 where the delay was not occasioned by any default by a party litigant.
Following the rationale of Williams, supra, and May, supra, where circumstances do not permit preparing and tendering to the judge a motion for new trial, and/or a bill of exceptions during a trial or term, it is permissible for counsel to obtain an order signed by the judge taking such matters under advisement and continuing the cause for a reasonable time in which counsel may prepare, tender and file such post trial items. In the present case, a bill of exceptions having been taken so long after the trial date without consent of court or counsel and without any order retaining jurisdiction thereof, we cannot take note of the alleged error in the purported bill of exceptions. King v. State, 146 Miss. 285, 111 So. 378 (1927).
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.