QUESTION: Who is to bear the cost of notice by publication when the party plaintiff is legally indigent as set forth in s. 57.081, F. S.?
SUMMARY: The state and county are not responsible for the payment of the costs of publication of notice of action by insolvent and poverty-stricken persons, except as may otherwise be provided in s. 50.071, F. S. In actions or proceedings for dissolution or annulment of marriage, adoption, or wherein the state law and state and federal Constitutions do not require personal service of process, the alternative means of obtaining jurisdiction or posting notice of action set forth in ss. 49.10(1)(b) and 49.11, F. S., and the means of publication prescribed by s. 50.071(3), F. S., are available if the party seeking to utilize those means has fully complied with s. 57.081, F. S., and obtained a certificate of insolvency as required therein. If said party is not qualified or duly certified insolvent under s. 57.081, the alternative means of obtaining jurisdiction or posting provided for in ss.49.10(1)(b) and 49.11, and the means of publication prescribed by s. 50.071(3) are not then available. Any publication of notice made by such noncertified person shall be at the expense of the person publishing such notice, and the state or county is not responsible therefor. In civil actions or proceedings other than in the abovementioned categories, the alternative means for notice of action set forth in ss. 49.10(1)(b) and 49.11, F. S., and the means of publication prescribed by s. 50.071(3), F. S., are not available, and no statutory authority exists for the state or county to pay such publication costs from public funds. In the absence of a judgment of a court of competent jurisdiction requiring the state or county to pay such publication costs, the same may not be lawfully paid by the state or county. The Legislature may extend the provisions of ss. 49.10(1)(b), 49.11, and 50.071(3), F. S., to other areas or to other actions or proceedings than those specified in said statutes, or it could amend s. 57.081, F. S., to provide that the county defray the costs of publication required of those persons qualified under s.57.081 who have obtained the prescribed certificate of insolvency from the clerk of court. Because of the direct involvement of an Orange County neighborhood attorney and the Osceola County Attorney, acting as a legal aid attorney, I am assuming, for the purposes of this opinion, that the party plaintiffs are insolvent and poverty-stricken persons within the purview of s. 57.081, F. S., seeking publication of notice of action under Ch. 49, F. S. In Boddie v. Connecticut, 401 U.S. 371
(1971), the United States Supreme Court was confronted with a similar question regarding filing fees for divorce proceedings by indigent plaintiffs. The court therein held that a state denied due process of law to indigent persons when it refused to permit them to bring divorce actions except on payment of court fees and service-of-process costs which they were unable to pay. Faced with the question of payment of publication costs in an adoption proceeding initiated by an indigent person, the Florida Supreme Court in Grissom v. Dade County, 293 So.2d 9 (Fla. 1974), applied the Boddie decision, stating "it becomes obvious that Boddie is limited to a class of actions where the State has exclusively made judicial process the only method of altering a fundamental human relationship; excepting financial and economic relationships." (This limitation of Boddie to "fundamental human relationships" and the exclusion of "financial and economic relationships" made by the court in Grissom was prompted by the decision in U.S. v. Kras, 409 U.S. 434 [1973].) The court then went on to hold that the having of children, either through procreation or adoption, is a fundamental right "so basic as to be inseparable from the rights to enjoy and defend life and liberty [and] to pursue happiness," as provided in the Florida Constitution, that the application to indigents of statutes requiring the person initiating said adoption proceedings to bear the costs of publication therein denies such persons access to the courts when no other means for securing such a fundamental right is available, and that such application is, therefore, unconstitutional. The court further held that, in such cases, the state should bear such costs of publication as may arise therein where no other means of securing such fundamental rights are available. The court also noted that if the costs in such cases became excessive, the Legislature should provide a less costly alternative method of obtaining jurisdiction. Section 49.10(1)(b), F. S., provides that, in proceedings for dissolution or annulment of marriages, adoptions, and actions or proceedings wherein personal service of process or notice is not required by the statutes or Constitution of this state or by the Constitution of the United States, the clerk of the court shall post notices of action in the manner prescribed by s. 49.11, F. S., when such notices are required of persons authorized to proceed as insolvent and poverty-stricken persons under s. 57.081, F. S., in lieu of publication of notice of said actions. Where personal service of process or notice is required by law, the sheriff is, of course, required to make service for these persons qualifying under s. 57.081, regardless of the county of residency, at such time as they have obtained a certificate of insolvency from the clerk as therein specified. See State ex rel. Shellman v. Norvell, 270 So.2d 417 (4 D.C.A. Fla., 1972); AGO 072-137. The above-cited statutory provisions accord with the guidelines set forth in Boddie and Grissom, as they provide a means through which an indigent person may have access to the courts in these actions or proceedings. Further, as there are no publication costs to bear in such cases, the state and county are thus freed from this fiscal burden. However, compliance with s.57.081 is a condition precedent to the operation of s.49.10(1)(b), and failure to so comply, whether through inability or neglect, renders said person ineligible to come under the operation of s. 49.10(1)(b). See Adams v. Powers, 278 So.2d 598
(Fla. 1973). This being so, any publication of notice made by a plaintiff who has failed to qualify and obtain a certificate of insolvency under s. 57.081 shall be at the cost or expense of the person publishing such notice, and the state and county are not responsible therefor. Section 50.071(1), F. S., has created a docket fund in Broward, Dade, and Duval Counties for the purpose of "paying the cost of publication of the fact of the filing of any civil case in the circuit court" in those counties; and subsection (2) of s. 50.071 authorizes the other counties of the state to create by ordinance such a docket fund "on the same terms and conditions established in subsection (1)." Subsection (3) of s. 50.071 requires the publishers of any designated record newspapers receiving the court docket fund to publish, without charge, legal advertisement for the purpose of service of process under s. 49.011(4), (10), or (11), F. S., when such publication is required of persons properly classified as insolvent and poverty stricken under s. 57.081, F. S. If a county elects to establish a docket fund as provided in subsection (2) of s. 50.071, it follows that subsection (3) of s. 50.071 will also be of full force and effect in that county. If the action or proceeding is not one for dissolution or annulment of marriage, adoption, or one wherein the statutes or Constitution of this state or the Constitution of the United States does not require personal service, neither the alternative means of obtaining jurisdiction provided by s.49.10(1)(b), supra, nor the means of publication provided for by s. 50.071(3), F. S., or the potential means of publication authorized by s. 50.071(2), F. S., are available. There does not appear to be any other statute authorizing the payment of such costs of publication by the state or the county in any other action or proceedings. Thus, no statutory authority exists for the expenditure of state or county funds to defray publication costs in any action or proceeding other than those designated in s.49.011(4), (10), and (11), supra, and under s. 50.071(1) and (3), F. S. In the absence of a judgment of a court of competent jurisdiction requiring the state or the county to pay the costs of publication in any action or proceeding outside the scope of ss.49.011(4), (10), and (11), and 50.071(3), such costs may not lawfully be paid by the state or county. As to what other actions or proceedings may fall under the judicially created "fundamental human relationship" standard as enunciated in Grissom, supra, it is for the courts to determine, and the Legislature could, of course, extend ss. 49.10(1)(b) and 50.071(3), F. S., to other areas or to other actions and proceedings than those now specified in said statutes, or it could amend s. 57.081, F. S., to provide that the county defray the costs of publication required by law of those persons qualified under s. 57.081 and who have obtained the prescribed certificate of insolvency from the clerk of court.