# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01461-SCT

*ELLER MEDIA COMPANY*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2003 |
| TRIAL JUDGE: | HON. MILLS E. BARBEE |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEYS FOR APPELLANT: | MARK D. HERBERT |
| | LISA A. REPPETO |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY HALL |
| | BARRY S. ZIRULNIK |
| | HOLLAMAN M. RANEY |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | REVERSED AND REMANDED - 03/10/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a ruling by a special court of eminent domain that a billboard company did not have a compensable interest in eminent domain proceedings because the owner of the land terminated its lease with the billboard company. Finding that the attempted termination of the lease was not valid under Mississippi law and that the billboard company does have a compensable interest, we reverse and remand.

## FACTS

¶2.    The South Mississippi Electric Power Association[1] owned certain land which ran along United States Highway 61 in DeSoto County.  It entered into a lease with Eller Media Company so that Eller Media could install a billboard on the land.   Under the lease, the Power Association and Eller Media split the revenues from the billboard 50/50 after certain expenses were paid.   The lease provided:   "Lessee agrees that it will remove its structure and terminate the lease no later than forty-five (45) days after written notice from the Lessor, if Lessor should sell the property and the new owner does not want to keep the lease in force."

¶3.    The Mississippi Transportation Commission filed a complaint in the DeSoto County Special Court of Eminent Domain against the Power Association and Eller Media to condemn the land, in order to relocate and reconstruct State Road 304 from U. S. 61 to State Road 301. An order was entered granting the Commission immediate title and possession of the land and adopting an appraisal of $189,000 as just compensation.  The order also acknowledged that an additional $25,000 had been agreed upon prior to the assessment, so that the "total pretrial independent appraisal" was $214,000.   The special court stated, "This Order does not determine whether Eller Media Company has any interest in the proceeds."   After the Commission made a payment into the registry of the Court, a check in the amount of $225,900 was disbursed to the Power Association, and a check in the amount of $42,000[2] was disbursed

---

[1]The Power Association is not a party to this appeal.

[2]The disbursement memorandum from the clerk's office uses the figure of $37,500; however, later pleadings and the final judgment use the figure of $42,000.

to Eller Media. Eller Media alleges that it, at all times, rejected the Commission's settlement offer.[3]

¶4.     After the Commission became aware of the termination provision in the lease, however, it filed a motion to try title, alleging that Eller Media had no compensable interest in the property because a sale of the land had taken place and the new owner did not wish to renew the lease. Therefore, it claimed, the lease terminated under its own terms. Eller Media responded that (1) as a result of the Commission's actions, it had lost all of its right, title and interest to the lease and the billboard; (2) the Commission wrongfully asserted that Eller Media had no interest in the property; and (3) the Commission wrongfully seized its property and refused to pay just compensation, constituting an inverse condemnation.

¶5.     The special court ruled that the termination provision in the lease between the Power Association and Eller Media was dispositive and found that James Compton, the attorney for the Power Association's board of directors, "reviewed the lease . . . and he, and he alone without urging or conspiring with anyone from [the Commission], recommended to [the Power Association] that it terminate the lease." Further, there was "absolutely no proof that [the Commission] had any involvement in the termination of the lease and no proof that [the Commission] indicated or, indeed wanted to keep the [lease] in effect." Therefore, Eller Media had no compensable interest in the condemnation proceeding.

¶6.     With this ruling, the Commission then sought a return of the $42,000 it had paid Eller Media. Eller Media responded by alleging that judicial estoppel barred the taking of

---

[3]Under standard industry practice, by depositing the settlement check, Eller Media did not waive any of its objections to the settlement.

inconsistent positions in a proceeding inasmuch as after the Commission paid Eller Media, it then filed proceedings to find that Eller Media had no compensable interest. After judgment was entered in favor of the Commission and against Eller Media for $42,000, Eller Media filed this appeal.

## DISCUSSION

**I.      WHETHER A SETTLEMENT UNDER THREAT OF CONDEMNATION CONSTITUTED A "SALE" UNDER THE TERMS OF THE LEASE.**

¶7.      The Power Association's settlement over the value of the land with the Commission and the subsequent payment of the settlement amount to the Power Association did not constitute a "sale" under the terms of the lease; and therefore, the special court erred in finding that Eller Media's interest in the lease was terminated by the settlement.

¶8.      On numerous occasions, we have rejected attempts to use eminent domain settlement prices for comparable sales in eminent domain valuations. *See **Brown v. Miss. Transp. Comm'n***, 749 So. 2d 948, 957-58 (Miss. 1999) (Sales to an agency with condemning authority are not admissible as comparable sales because they are more in the nature of a compromise and are not fair indicators of market value) (citing ***State Hwy. Comm'n v. Hyman***, 592 So. 2d 952, 957 (Miss. 1991)). *See also **Morley v. Jackson Redevelopment Auth.***, 632 So. 2d 1284, 1291 (Miss. 1994) (same). In so ruling, we recognized the inherent differences between a settlement price and a true sale. To be enforceable, a contract must be negotiated at arms' length. ***United States Fid. & Guar. Co. v. Knight***, 882 So. 2d 85, 92 (Miss. 2004). A contract is not an arms' length transaction when the landowner has knowledge that the purchaser has the

power of eminent domain. *Miss. State Hwy. Comm'n v. Taylor*, 293 So. 2d 9, 10-11 (Miss. 1974).

¶9.     Evidence of record shows that the Power Association did not wish to sell its property. It attempted to persuade the Commission to move the road project.    Its motivation for accepting the settlement was to avoid litigation, *not* its willingness to sell the property.   On the other hand, the Commission produced no evidence of the Power Association's willingness to sell.

¶10.    The Commission relies heavily on the recent case of *Eller Media Co. v. Miss. Transp. Comm'n*, 882 So. 2d 198 (Miss. 2004) ("*Eller Media I*"), as the basis of its argument that we should affirm the special court's finding that there was a sale.    There, we held that the owner of a billboard on leased property was not entitled to compensation in eminent domain proceedings instituted by the Commission for loss of the leasehold interest where the lease provided that it terminated upon condemnation.   *Id.* at 204.   However, *Eller Media I* is distinguishable because the lease under consideration provided that "[i]f all or a substantial part of the Premises shall be taken by right of eminent domain, *this Lease shall terminate . . . ."* *Id.* at 201 (emphasis added).   In the present case, the lease was silent as to its status if eminent domain proceedings were filed against the property.   The lease only provided that the lease would terminate upon the sale of the property *and* the new owner did not wish to lease the property.[4]

---

[4]The Court in *Eller Media I* cited a Minnesota case, *State v. Card*, 413 N.W.2d 577 (Minn. Ct. App. 1987), where an appeals court held that, under a lease termination clause similar to the one at bar, a direct sale of the land by the lessor to the State terminates the lease. We are not bound by a foreign jurisdiction's ruling on this issue; however, more importantly,

¶11.    The *Eller Media I* lease demonstrates that, if the Power Association and Eller Media wished to condition the 45-day termination clause upon the institution of eminent domain proceedings, they could have done so.    There, the lease's 45-day termination clause *only* pertains to true sales of the land.

¶12.    Therefore, we find that a sale, as contemplated by the lease, did not occur between the Power Association and the Commission, and the lease was not terminated.    The special court erred in concluding otherwise.

## II.    WHETHER THE SPECIAL COURT ERRED IN FINDING THAT ELLER MEDIA DID NOT HAVE A COMPENSABLE INTEREST.

¶13.    We have answered this issue affirmatively in *Lamar Corp. v. State Hwy. Comm'n*, 684 So. 2d 601 (Miss. 1996).  There, we held:

> This issue may be decided by referring to the clear language of the statutes involved.  Any structure which is adversely affected by an acquisition "shall be acquired" and is compensable "notwithstanding the right or obligation of the tenant . . . to remove such" structure or improvement.  Miss. Code Ann. § 43-37-11 (1972).  The sign is clearly a structure under any ordinary meaning of that term.

684 So. 2d at 604.

¶14.    Therefore, the special court erred when it found that Eller Media did not have a compensable interest.

---

Mississippi precedent holds that a contract is not an arms' length transaction when the landowner has knowledge that the purchaser has the power of eminent domain.  *Miss. State Hwy. Comm'n v. Taylor*, 293 So. 2d 9, 10-11 (Miss. 1974).

## CONCLUSION

¶15. The special court erred in finding that the lease was terminated and that Eller Media did not have a compensable interest. We reverse the special court's judgment against Eller Media for $42,000, and we remand for a determination of the value of Eller Media's compensable interest and any other necessary proceedings consistent with this opinion.

¶16. **REVERSED AND REMANDED.**

**COBB, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SMITH, C.J., AND DIAZ, J., NOT PARTICIPATING.**