AVENT ET AL v. MARKETTE ET AL.

[69 South. 705.]

1. DRAINS. *Drainage district. Establishment. Appeal. Appeal bonds. Validity. Allowance of appeal. Effect.*

Chapter 197, Laws 1912, provides a complete and independent method for the organization of drainage districts. Any party aggrieved by the organization of the district has the right of appeal expressly conferred by sections 17 and 60 of the act and such appeal is governed by the same rules as any other appeal from a final decree of the chancery court, the statute itself not fixing any time in which this appeal must be prosecuted.

2. APPEAL AND ERROR. *Appeal bonds. Validity.*

Under Section 58, Code 1906, so providing, appeal bonds are sufficient if signed by one or more of several appellants, with sureties as required by law, and it is not necessary that all the appellants should sign the appeal bond.

3. SAME.

Where in an appeal bond to the supreme court the names of some of the principals were inserted without authority, such bond after approval will not be stricken and the appeal dismissed on that account, as such parties could only ask dismissal of the appeal as to themselves and such application would not affect the rights of others.

4. APPEAL AND ERROR. *Allowance of appeal. Effect.*

The chancellor has no jurisdiction to reform an appeal bond after the cases, by approval of the bond, has been removed to the supreme court.

APPEAL from the chancery court of Lafayette county. HON. J. G. MCGOWEN, Chancellor.

Proceeding by B. T. Markette and others for the establishment of a drainage district. From a decree of the chancery court, affirming the judgment of the county board of drainage commissioners, establishing the district, T. W. Avent and others appeal.

The facts are fully stated in the opinion of the court.

*W. P. Shinault,* for the motion.

*Geroge Butler,* opposed.

STEVENS, J., delivered the opinion of the court.

The appeal in this case is from a decree of the chancery court of Lafayette county, affirming the judgment of the county board of drainage commissioners in establishing the Yoknapatawpha drainage district. The proceedings for the organization of this district were had under and by virtue of chapter 197, Laws of 1912. The record discloses an appeal bond executed by T. W. Avent, W. P. Anderson, W. L. Eskridge, H. E. Denton, J. W. Lancaster, M. P. Eskridge, J. M. Mooney, B. S. Mooney, I. T. McCain, I. L. Cain, Clyde Lynch, J. C. Tarver, Mrs. Alma Matthews, T. W. Mooney as principals, and A. E. Russell, Lee M. Russell, and T. J. Wilson, sureties. The motion to dismiss assigns the following reasons:

"First, that there is no appeal bond in this cause as required by law as is shown by the record in this cause; second, that the document filed herein purporting to be an appeal bond is void, as it constitutes no binding obligations upon the sureties thereon signed as is shown by the record in this cause; third, that the names of five or more of the principals appearing on the purported appeal bond were signed thereto fraudulently by one of the attorneys for appellants herein, as shown by the decree of the court below in annulling said bond as to said parties."

After the appeal bond had been filed and approved by the clerk, it is represented to this court that Mrs. M. P. Eskridge and J. W. Lancaster and the three Mooneys filed their petition before the chancellor, averring that their names had been signed to the bond by counsel without authority, and certain proceedings were had and testimony taken before the chancellor in reference

to this petition, asking that the names of petitioners be stricken from the bond. The decree appealed from bears date November 24, 1914, while the petition of certain of the alleged principal obligors, addressed to the chancellor and asking that their names be erased from the appeal bond, was filed in February, 1915, and decree rendered thereon May 27, 1915. The chancellor granted the relief prayed for, and ordered the names of petitioners stricken from the appeal bond. The proceedings had before the chancellor after the appeal was prosecuted and the stenographic copy of the evidence heard on this application were ordered by the chancellor to be incorporated as a part of the record of the appeal to the supreme court. It appears that T. W. Avent signed his own name to the appeal bond, and that the sureties likewise subscribed their names thereto, but that the names of the other principal obligors were signed by their counsel. The motion to dismiss was argued orally, and briefs filed under the rules of the court, and in answer to a question, suggested by the court of its own motion, as to whether an appeal lies from the decree complained of in the court below, and, if so, what statute governs the same, counsel for both parties have filed supplemental briefs.

We are of opinion that an appeal can be prosecuted from the decree complained of, and that the general provisions of the Code govern. Chapter 197, Laws of 1912, provides a complete and independant method for the organization of drainage districts. Any party aggrieved by the organization of the district has the right of appeal expressly conferred by sections 17 and 60 of the act in question. Section 6 provides that the county board of drainage commissioners shall be a court of record, provided with a seal, and empowered to issue process to compel attendance of witnesses and do any and all things necessary to carry out the provisions of the chapter in question. Section 17 provides that their

order organizing a district "shall be final, unless appeal be taken as hereinafter provided." Section 60 provides that any appeal from this order shall be prosecuted to the chancery court within ten days, and that, "should any party desiring an appeal fail to appeal within said time, the right of appeal shall be lost." If the statute provides that the order of the county board of drainage commissioners shall be final as to the organization of the district, then it follows that the decree of the chancellor would likewise be final, unless an appeal is further prosecuted from the chancery court to the supreme court.

It is contended that section 54 of the act in question limits the right of appeal to the supreme court to thirty days. We do not think so. Section 54 deals primarily with the assessment of benefits and damages, and expressly provides that:

"The collection of assessments shall not be defeated by reason of any omission, imperfection, or defect in the organization of any district."

Not until a district has been formed can the commissioners proceed with the assessment of damages and benefits, and the right of appeal is expressly conferred by sections 24 and 54 from the order of the county board assessing benefits or damages. It is the appeal with reference to the matter last mentioned that section 54 deals with. Appeals are regulated by statute, and unless there is an express limitation or prohibition in the act here in review, then it follows that appellants have the same right of appeal as from any other final decree of the chancery court. The statute does not prohibit the appeal in question, and does not itself fix any time in which this appeal must be prosecuted.

Section 58, Code of 1906, provides:

"Appeal bonds shall be sufficient if signed by one or more of several appellants, with sureties as required by law, and in case of the affirmance of the decree or judg-

ment complained of, the judgment of affirmance shall be entered against all the appellants in the same manner as if all had signed such bond.''

It is not necessary, therefore, that all of the appellants should actually sign the appeal bond. *Hudson* v. *Gray,* 58 Miss. 591. The chancellor had no jurisdiction to reform the appeal bond after the cause, by the approval of the bond in question, had been removed to this court. Any one or more of the parties aggrieved by the decree in question are, under the provisions of section 33, Code of 1906, accorded the right of appeal. No objection is pressed here that the sureties are insufficient, and the sureties themselves are not complaining. If certain of appellants do not care to prosecute this appeal, they have the right, of course, to ask that the appeal as to them be dismissed. Such application, however, would not prejudice the right of the other appellants to prosecute their appeal. The appeal bond in this case was approved December 23, 1914, and the record of the appeal is now on file, and the case properly docketed, in this court.

It follows from the views herein expressed, that the motion should be, and it is hereby, overruled.

*Overruled.*