EVANS *v.* HOOD.

(In Banc. Sept. 27, 1943. Motion to Dismiss Appeal Overruled Sept. 27, 1943.)

[15 So. (2d) 37. No. 35496.]

Brewer & Sisson, of Clarksdale, and Watkins & Eager, of Jackson, for appellant.

Dulaney & Bell, of Tunica, for appellee.

**Griffith, J.**, delivered the opinion of the court.

At the regular Democratic primary held on August 3, 1943, the parties hereto were the two opposing candidates for the nomination for the office of member of the board of supervisors for District No. 3 of Tunica County. In this district there is only one voting precinct. At the precinct 242 votes were cast for supervisor, and of them 122 were marked with a cross mark opposite the name of contestant, the appellant here, and 120 were so marked for contestee. The precinct election managers rejected two of the ballots marked for contestant, and reported

that the vote was a tie—120 for each candidate—and this count was accepted by the county executive committee.

Without going into extended details, it is sufficient to say that from the beginning and throughout, contestant has contended, and has stood firmly at all times upon his contention, that the two rejected votes should have been counted for him, and that he was entitled to be declared the nominee. He took all the steps well within the time and in the manner required by the Corrupt Practices Act of 1935, Chap. 19, Laws 1935, Ex. Sess., to present and prosecute his contest, with the result that a special court, as provided by the Act, convened and heard the contest on August 26, 1943; and the special court held also that there had been a tie—120 legal votes for each candidate. The special court allowed contestant seven days within which to file his bond and bill of exceptions, and directed the clerk to send all the original ballots, to the Supreme Court as a part of the record.

On September 1, 1943, within the time allowed, contestant filed, in the office of the circuit clerk of the county, the bill of exceptions duly signed by the trial judge and the stenographer's transcript, which was expressly made a part of the bill of exceptions, and also his cost bond in the sum of three hundred dollars, which bond was on that day approved by the clerk; and the clerk thereupon made up a complete transcript of the record and forwarded the transcript and the original ballots to the clerk of the Supreme Court, all of which reached the Supreme Court Clerk on September 10, 1943, and was on that day docketed, it being worthy of note at this point that this was three days before the convening of the Supreme Court for its fall term.

Contestee has moved to dismiss the appeal, because, as contestee contends, the bond and bill of exceptions should have been filed in the office of the clerk of the Supreme Court within the seven days, and not in the office of the clerk of the circuit court; and contestee relies on the language of subsection (d), Section 15 of said Act.

This subsection reads as follows: "Within three days after judgment rendered, unless a longer time not exceeding four additional days be granted by the trial judge, the contestant or contestee, or both, may file an appeal in the supreme court upon giving a cost bond in the sum of three hundred dollars, together with a bill of exceptions which shall state with appropriate fullness the point or points of law at issue with a sufficient synopsis of the facts to fully disclose the bearing and relevancy of the said points of law, the said bill of exceptions to be signed by the trial judge, or in case of his absence or refusal, or disability, by two disinterested attorneys, as is provided by law in other cases of bills of exception. If the findings of fact have been concurred in by all the commissioners in attendance, provided as many as two of the commissioners are and have been in attendance, the facts shall not be subject to review on appeal, and the bill of exceptions shall not set up the evidence upon which the facts have been determined. But if not so many as two of the commissioners are and have been in attendance or if one or more of the commissioners dissent, a transcript of the testimony may be filed with the bill of exceptions, or within such short time thereafter as the supreme court may allow, and the supreme court upon a review thereof may make such finding upon the facts as the evidence requires, giving only such consideration as the court may think warranted to the presumption of the correctness of the conclusions of the trial judge. The appeal shall be immediately docketed in the supreme court and referred to the court in banc upon briefs without oral argument, unless the court shall call for oral argument, and shall be decided at the earliest possible date, as a preference case over all others, and such judgment shall be entered and certified as the trial tribunal should have entered and certified, with the same effect as had such judgment been entered by the trial tribunal and no appeal had been taken therefrom."

Not only the quoted subsection but nearly every other section and subsection in that Act is drawn with an effort at succinctness. Of this Act it was said in Harris v. Stewart, 187 Miss. 489, 193 So. 339, 341, as follows: "In an Act such as the statute we have now before us, it would be impracticable, if not impossible, to deal with every detail which might arise in the course of its administration. In matters of practice and procedure under such an Act, and in respect to which the Act itself is silent, there will be applied the usual rules of procedure which prevail as regards other cases." It will be at once observed that as to the appeal bond the quoted subsection is silent as to where the bond shall be filed or who shall approve it. Inasmuch as the clerk of the circuit court is by the statute the clerk of the special tribunal, it would follow that by Section 39, Code 1930, he would, under the usual rules of procedure, be the person with whom the appeal bond is to be filed and by whom it shall be approved. And it has been held repeatedly that when the statutory bond has been given and approved within the time allowed therefor, this removes the case ipso facto into the Supreme Court, it is then in the Supreme Court although the record is yet to be transcribed and forwarded. Among the cases on this subject is Avent v. Markette, 109 Miss. 835, 69 So. 705. And Sec. 55, Code 1930, provides that "when the appellant shall have complied with the law applicable to his appeal, the clerk of the court from which the appeal is taken shall immediately make and certify a transcript of the record of the case, and transmit it and the appeal-bond taken . . ." This is what the clerk did in the present case, and we are of the opinion that the appeal is properly before us.

But upon another ground we must hold that the motion to dismiss ought not to be sustained. So far as any of us here can now recall, appeals to this court in primary election cases have been taken in the same manner in which the appeal in the present case has been presented. We have accepted jurisdiction and decided a number of

such cases on their merits. If these appeals were not taken within the allowance of the statute, it was our duty in each of them to raise, of our own motion, the jurisdictional question which contestee has now raised. Having taken jurisdiction and decided the cases on their merits, there is bound up in those decisions the further decision in each of them that the appeals were properly taken, and while we could now overrule what was implied in these cases and hold to the contrary, that would have to be upon the ground that what we have heretofore done was manifestly wrong or mischievous in result, and such a situation is not here presented, as we have already pointed out. See the full discussion of this subject in Drummond v. State, 184 Miss. 738, 185 So. 207.

It may be that it was intended, by the broad language of the quoted subsection, to allow an appellant, in a case of this character, to file his appeal bond and bill of exceptions with the clerk of the Supreme Court, when under exceptional or emergent circumstances it is necessary to take this course. We will suppose that the clerk of the circuit court is the contestee in respect to a nomination for reelection and he refuses to approve the appeal bond or to file the bill of exceptions, or else declares that he will not transcribe and forward the record until after he has made the transcript of a number of other cases on appeal from his court. Other illustrations may be suggested. But no such exceptional case is here before us, and we, therefore, express no opinion as regards a situation such as introduced, and mention it only that we may not be considered as having herein held that the manner by which the present appeal was taken is the exclusive method.

## On the Merits.

Four votes marked with a cross mark opposite the name of contestant are challenged, and four only. Of three it is contended that they bear upon their faces distinguishing marks, and of the fourth it is said that it cannot be

told for whom the voter intended to vote for supervisor. It will not be necessary to consider this fourth ballot if the other three are to be counted for contestant. The law governing the issues is sufficiently laid down in Tonnar v. Wade, 153 Miss. 722, 121 So. 156, and Guice v. McGehee, 155 Miss. 858, 124 So. 643, 125 So. 433. The four ballots are here before us, and each has been carefully examined by all the members of the court. Upon such an examination and applying the law as declared in the cited cases, we are of the opinion that the trial court was correct in counting for contestant the two ballots designated in the record as ''Exhibit A'' or ''Exhibit 1,'' and ''Exhibit C.''

We are of the further opinion that the trial court was in error in not counting for contestant the ballot which is designated as ''Exhibit 2.'' It is manifest upon a close examination of this ballot, as we think, that it was cast either by an aged person or by one whose hand was palsied, or who was afflicted with some similar trouble. It is evident, as we think, that the voter was honestly trying to mark his ballot but was doing so under pain or affliction and that this was what caused the wavering and imperfect marking. It is certain, nevertheless, that he did succeed in placing opposite the name of contestant a good and undeniable cross mark. In Tonnar v. Wade, supra, we expressly held that a ballot marked by a palsied hand should not be rejected as having distinguishing marks, and, as we see it, this is all that this particular ballot would indicate.

The result is, then, that the contestant received a majority of valid votes cast at the primary election on August 3, 1943, and should have been declared the nominee. A judgment will be entered here to that effect. The attorneys for appellant, the contestant, will forthwith prepare and submit to the clerk, for entry, such a judgment as will be fully effective to carry out the purposes of the statute in such a case.

Reversed, and judgment here for appellant.

On Motion to Dismiss the Appeal.

**Smith, C. J.,** delivered a partially concurring opinion.

I concur in overruling the motion to dismiss this appeal but not in the holding that our having formerly entained appeals brought to this court in the manner that this appeal was, were adjudications that the appeals were properly taken and constitute precedents within the rules of stare decisis. The judgments in those cases are res judicata as to the parties thereto but should not be held to be within the rules of stare decisis as to questions that could have been but were not raised or discussed therein by either court or counsel. If Drummond v. State, 184 Miss. 738, 185 So. 207, so holds, it should not be followed.