# MAY *v.* LAYTON.

Division A.   Dec. 17, 1951.

No. 38391 (55 So. (2d) 460)

Jan. 14, 1952 (56 So. (2d) 89)

Watkins & Eager, and E. L. Dent, for motion.

W. E. Gore, contra.

## Kyle, J.

This is a contested election case, and the appellee has filed a motion to dismiss the appeal on the grounds, (1) that the appeal bond was filed with the Clerk of this Court, when it should have been filed with the clerk of the circuit court, and (2) that the bill of exceptions was not filed within the seven day period allowed by the trial judge for the filing of same under Section 3185, Code of 1942. The appellant in his argument against the motion to dismiss the appeal says that the motion should be overruled for the reasons, first, that the appeal bond was properly filed with the Clerk of this Court, and, second,

that the delay of one day in filing the bill of exceptions with the Clerk of this Court is excusable for the reasons set forth in the certificate of the trial judge, dated October 29, 1951, which has been filed as a part of the record in this cause.

The trial before the special court, which consisted of Honorable J. F. Guynes, Chancellor, and the three county election commissioners, was begun on October 15, 1951, and was completed on October 20, 1951, and a judgment was entered on the last mentioned date in favor of the contestant. On October 23, 1951, the trial judge signed an order granting to the contestee four days additional time within which to perfect his appeal to this Court; and on the same day the trial judge signed an order directing that a transcript of the record be made a part of the bill of exceptions and that the bill of exceptions be prepared and filed not later than October 27, 1951. The appellant filed his appeal bond in the sum of $300 with the Clerk of this Court on October 23, 1951. The bill of exceptions was presented to the trial judge and signed by him on Saturday, October 27, 1951; and the bill of exceptions and the transcript of the testimony were filed with the Clerk of this Court on Monday, October 29, 1951. The four days additional time allowed by the trial judge in his order dated October 23, 1951, for the preparation and filing of the bill of exceptions, expired on Saturday, October 27, 1951.

According to the certificate signed by the trial judge on October 29, 1951, the appellant's delay in filing his bill of exceptions with the Clerk of this Court was due to the fact that the trial judge on October 27, 1951, was engaged in the trial of another election contest case in Marion County, and appellant's attorney had to drive to Columbia on that day for the purpose of obtaining the judge's signature to the bill of exceptions. The trial judge signed the bill of exceptions and approved the transcript of the testimony about 4:30 o'clock p. m., and appellant's attorney was unable to return to Jackson in

time to file the bill of exceptions during office hours on that day.

██ ██ We think that the filing of the appeal bond with the Clerk of this Court within the time allowed by Section 3185, Code of 1942, constituted a sufficient filing of the bond, and that this Court thereby acquired jurisdiction to review the case on appeal. In the case of Evans v. Hood, 195 Miss. 743, 15 So. (2d) 37, this Court held that when the statutory appeal bond has been given and approved within the time allowed therefor, the case is ipso facto removed to the Supreme Court, although the record is yet to be transcribed and forwarded. The bond might have been filed in the office of the clerk of the circuit court. And if the bond had been filed in the office of the clerk of the circuit court, this Court would not have dismissed the appeal on that account. Evans v. Hood, supra. The statute is silent as to where the bond shall be filed. But, when the bond is properly executed and filed with the Clerk of this Court or with the clerk of the circuit court, it is a valid and binding obligation, and there is no merit in appellee's contention that the appeal should be dismissed because the bond was filed in the office of the Clerk of this Court, when it should have been filed in the office of the clerk of the circuit court.

██ ██ The second point argued by the appellee in support of his motion to dismiss the appeal is that the bill of exceptions was not filed in this Court within the time allowed by the trial judge for the filing of the same under Section 3185, Code of 1942. But we think that there is no merit in this contention. Section 1959, Code of 1942, provides that ''An appeal to the Supreme Court shall not be dismissed for want of jurisdiction because of a defect in the application for appeal, or in the bond, or because of any failure by an officer to comply with the requirements of law in reference to appeals; but all defects and irregularities may be cured by amendment, so as to perfect the appeal and obtain the judgment of the Supreme Court in the case; but the court may dismiss an

appeal for a failure of the appellant to do, within a reasonable time, what may be necessary to perfect his appeal.'' And in the case of Sabougla Drainage District No. 2 v. Peoples Bank & Trust Co., 191 Miss. 331, 1 So. (2d) 219, 2 So. (2d) 573, the Court held that where there had been an effort in good faith to perfect an appeal in the manner provided by the statute, and no intentional delay by the clerk or counsel for the appellant in having the record filed with the Clerk of this Court, and there had been only a short delay in filing it, with no damage or prejudice to the movant, this Court, by Section 3382, Code of 1930, Section 1966, Code of 1942, was vested with discretion to overrule a motion to dismiss the appeal on the ground of inexcusable delay in filing the transcript in the Supreme Court. The principle applied in that case is amply supported by the decisions of this Court in the earlier cases of Hudson, Executor, v. Gray, 58 Miss. 589, 591; State v. Board of Supervisors of Coahoma County, 64 Miss. 358, 1 So. 501; and Cleveland State Bank v. Cotton Exchange Bank, 118 Miss. 768, 79 So. 810.

The motion to dismiss the appeal is overruled, and the appeal will be considered by the Court upon its merits.

Motion to dismiss appeal overruled.

ON THE MERITS.

**W. E. Gore** and **E. H. Cunningham**, for appellant.

**E. L. & W. W. Dent, W. H. Watkins** and **Rex Mc-Raney,** for appellee.

Ethridge, C.

Garfield May and Estus Layton were candidates in the Second Democratic Primary on August 28, 1951, for the office of Supervisor of District 1 of Simpson County, Mississippi. The votes as tabulated by the Simpson

County Democratic Executive Committee showed 1,158 for May and 1,055 for Layton. Hence May was declared the nominee. Subsequently, Layton filed a contest with the Executive Committee with reference to five of the nine precincts (later reduced to four) and, when it was disallowed, he appealed to the Special Tribunal created and provided for by the Corrupt Practices Act, Mississippi Laws 1935, Chap. 19, Code of 1942, Secs. 3158-3159, 3182-3189. At that hearing, the Special Tribunal, consisting of the presiding judge and the three election commissioners, reversed the action of the Executive Committee, by a judgment dated October 20, 1951, declared contestant Layton the Democratic nominee for the office, and directed that his name be placed on the official ballot in the general election in November, 1951. Presumably this was done. Contestee May appealed to this court from that judgment, as authorized by Code, Sec. 3185.

The effect of the finding of facts and the judgment of the Special Tribunal was to hold that Layton was elected by a vote of 692 to 686; to hold void all ballots cast in the East North Magee and Weathersby precincts, and to hold void all except eight absentee ballots in the Old Hickory precinct, and to hold void all ballots in the Sumrall precinct except one absentee vote. This action was based upon the failure of election managers to initial the regular ballots, of regular voters to sign receipt books therefor, and upon defects in the method of delivery of absentee ballots. Chinn v. Cousins, 1946, 201 Miss. 1, 27 So. (2d) 882; Hayes v. Abney, 1939; 186 Miss. 208, 188 So. 533; Code Sec. 3164; Walker v. Smith, Miss., 56 So. (2d) 84.

██ The primary effect of the judgment of the Special Tribunal was to exclude practically all of the votes in four of the nine precincts of the district, and to hold void 836 votes out of a total vote in the district of 2,213. There was no finding of fraud in the handling of the election; the errors appear to have resulted solely from a misapprehension as to and failure to comply with the

statutory requirements for administering a primary election. Hence the result of excluding such a large proportion of the total votes cast in the district is to make it impossible for one to reasonably say that the result arrived at by the Special Tribunal represented the will of the voters, because the votes of more than one-third of the voters of that district were held void for failure to comply with mandatory provisions of the statutes.

Upon the record before this court, whether we consider only the bill of exceptions or the testimony also (and we pretermit any question as to whether a transcript of the testimony can by agreement of the parties be made a part of the record under Code, Sec. 3185), it is manifest that these above-stated failures to comply with the mandatory provisions of the statutes require that practically all of the votes in all four of the boxes in question must be held void.

As was said in Briggs v. Gautier, 1943, 195 Miss. 472, 485, 15 So. (2d) 209, ██ where there is a total departure from the mandatory provisions of the statute, and it is not possible to ascertain the will of the electors, because a substantial portion of the votes were void, a new election should be ordered for the purpose of ascertaining the voter's choice. See also Chinn v. Cousins, 1946, 201 Miss. 1, 27 So. (2d) 882; Code, Sec. 3167. ██ The judgment of the Special Tribunal is, therefore, reversed and since it is now too late for a primary election limited to the four boxes in question, it is ordered that an election be called and held for all of the boxes in the entire District No. 1 in the manner provided by Code of 1942, Sec. 3187.

Reversed and election ordered.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the Special Tribunal is reversed and election ordered.