GILLESPIE, Chief Justice:
This is an election case appealed under the provisions of the Corrupt Practices Act. Miss.Code 1942 Ann. § 3158 et seq. (1956).
At the August 24, 1971, Democratic primary election, Alfred E. Loftin and Edgar Lee (Bobby) Bolden were the only candidates for the office of Supervisor of the Second Supervisor’s District of Marshall County. Bolden won the election by sixty votes, according to the official count. Lof-tin filed in the Circuit Court of Marshall County a petition for judicial review. A special tribunal was organized as provided by Code section 3183 and a trial was had as required by law, and judgment was entered affirming and ratifying the decision and judgment of the County Democratic Executive Committee of Marshall County declaring Bolden the nominee. Loftin then perfected an appeal to this Court within the time and as required by Code section 3185.
The votes cast at the two boxes A-L and M-Z in the Slayden precinct consisted of twenty-one percent of the votes cast in the election. If both boxes at the Slayden precinct are thrown out, Loftin would be the winner by 94 votes because at both *886 Slayden boxes, Bolden polled the most votes. Code section 3159 provides:
The county executive committee shall designate a person whose duty it shall be to distribute all necessary ballots for use in a primary election, and shall designate one among the managers at each polling place to receive and receipt for the blank ballots to be used at that place. When the blank ballots are delivered to a local manager the distributor shall take from the local manager a receipt therefor signed in duplicate by both the distributor and the manager, one of which receipts the distributor shall deliver to the circuit clerk and the other shall be retained by the local manager and which last mentioned duplicate receipt shall be inclosed in the ballot box with the voted ballots when the polls have been closed and the votes have been counted. * * * And the distributor of the blank ballots shall so securely hold the same that no person can obtain any of them, and he shall not deliver any of them to any person other than to the authorized local managers and upon their respective receipts therefor.
Mr. Roger Wood, Circuit Clerk of Marshall County, was duly appointed by the Democratic Executive Committee to distribute the ballots for use in the second Democratic primary election on the date already stated. At the Slayden A-L box, Morris Valentine was designated as the receiving manager. On the day before the election, while he was delivering the ballot boxes, Mr. Wood failed to find Mr. Valentine, and, having other boxes to deliver, he delivered the ballots to Mrs. Virginia Valentine, wife of Morris Valentine, whom Mr. Wood knew was a responsible person. Mrs. Valentine received the ballots and receipted for them by signing the name of her husband, by her. Mrs. Virginia Valentine was not an election official at this particular precinct.
At the Slayden M-Z box, Mr. Byron Hurdle was the receiving manager. Mr. Wood was unable to find Mr. Hurdle so he delivered the ballots to Mr. Hurdle’s sister-in-law, Mrs. Virginia Valentine, whom Mr. Wood knew to be a responsible person. Mrs. Valentine, who was not an election official at this precinct, received the ballots and receipted the same by signing the name of Byron Hurdle (by her).
The boxes containing the ballots were delivered by Mr. Wood to the parties just stated in order not to delay the election since the hour was late and he had other boxes to deliver. The ballots thus delivered to Mrs. Valentine were in boxes and the boxes were locked and sealed and there was no allegation or proof that the boxes or the contents were tampered with in any manner. The election was held and the receiving managers, Valentine and Hurdle, returned the boxes to the circuit clerk’s office with the receipts and certificates showing the number of ballots received and returned. All ballots and the contents of the two boxes as delivered by Mr. Wood, and as returned by managers Valentine and Hurdle, were properly accounted for and checked out perfectly.
The question before this Court is whether there was such a total departure from the requirements of Code section 3159 relative to the delivery of the ballots as to require the voiding of the election at the Slayden boxes. Relying upon the cases of Hayes v. Abney, 186 Miss. 208, 188 So. 533 (1939); May v. Layton, 213 Miss. 129, 56 So.2d 89 (1952), and Briggs v. Gautier, 195 Miss. 472, 15 So.2d 209 (1943), appellant contends that this Court should hold that the requirements as to the delivery of the ballot boxes are mandatory and that the election at the Slay-den boxes should be voided and Loftin declared the nominee, or that another election should be held at the Slayden boxes.
The first section of the Corrupt Practices Act (3158) provides in part: “This act * * * shall receive an ordinary and reasonable construction in order to accomplish its purposes rather than a strict and illiberal construction.” The Court does not hold that the provisions of Code section 3158 *887 concerning the distribution of the ballots are merely directive, nor do we hold that any and all departures therefrom should result in voiding the election. In the absence of any charge of fraud, irregularity of any kind, and in the absence of any proof that the purity and integrity of the election has been violated, we hold that the manner in which the ballots were distributed in this case does not require the voiding of the election. The statute states that it should receive a reasonable construction, and we hold that a practical and common sense construction would best accomplish its purposes. If there had been a showing of irregularities affecting the purity and integrity of the ballots, or raising serious questions as to whether the will of the voters had been frustrated, then we would have another case. We are of the opinion that a reasonable construction requires that we affirm the action of the special tribunal in dismissing the petition for judicial review.
Affirmed.
All Justices concur.