323 So.2d 100 (1975)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
S.B. GRESHAM and John C. Dunlap et al.
No. 48640.
Supreme Court of Mississippi.
February 24, 1975.
Rehearing Granted and Appeal Reinstated July 21, 1975.
Dwight N. Ball, Oxford, for appellant.
Fant, Crutcher, Moore & Spencer, Holly Springs, for appellees.
INZER, Justice.

ON MOTION
On January 23, 1975, appellees filed a motion to docket and dismiss the appeal of the appellant, Mississippi State Highway Commission, from a judgment rendered in a Special Court of Eminent Domain convened in vacation in the Circuit Court of Marshall County. In due time, appellant *101 answered the motion resisting the dismissal of its appeal. The judgment appealed from was rendered on June 13, 1974, and the court adjourned on the same day without entering any order for an extension of time to file a motion for a new trial.
On June 19, 1974, appellant mailed notice to the court reporter at his post office address which reads as follows:
Please be advised that the Mississippi State Highway Department is appealing the above captioned case to the Mississippi Supreme Court. We request that you prepare and transcribe the entire record as taken for the purpose of our appeal to the Mississippi Supreme Court. Please advise immediately if there is anything else that we need to do in order to accomplish this appeal. Thank you.
On June 20, 1974, the court reporter acknowledged receipt of the notice to transcribe the notes and informed the appellant that upon receipt of notice from the clerk that the appeal has been perfected by filing a bond for costs the notes would be transcribed in the time required by law. Apparently, no further correspondence was had between appellant and the court reporter. No copy of the notice given to the court reporter has been filed with the clerk.
On July 1, 1974, the appellant filed a motion for a new trial in the eminent domain court. Appellees filed a motion to strike this motion for the reason that it was not timely filed. On December 30, 1974, an order was entered by the court denying the motion because it was not timely filed.
On January 2, 1975, a notice of appeal was filed with the circuit clerk by the appellant, hence this motion to docket and dismiss the appeal for the reason that the appeal was not perfected within the forty-five day limitation set forth in Section 11-51-5, Mississippi Code 1972 Annotated.
Appellant, in its original answer, conceded that the proceedings subsequent to June 20, 1974, did not stay the time for perfecting the appeal, but contended that when it gave notice to the court reporter as provided in Section 11-27-29, Mississippi Code 1972 Annotated, its appeal was perfected and it was not required to do anything further.
However, in a supplemental answer, appellant changes its position and asserts that its motion for a new trial did stay the time for perfecting its appeal and the trial court was in error in holding that its motion for a new trial was not timely filed. Consequently, appellant contends that its appeal was perfected when it gave notice of appeal on January 2, 1975. Under these circumstances it is difficult to understand which proposition appellant is relying upon, but we will consider whether appellant perfected its appeal under either of these propositions.
The question of whether the motion for a new trial was timely filed was settled in Mississippi State Highway Commission v. Taylor, 293 So.2d 9 (Miss. 1974), wherein we stated:
Eminent domain proceedings now under Mississippi Code Annotated section 11-27-1 (1972) et seq., may be in term time or, as in the instant case, in vacation. Of course, trial in vacation does present the practical problem of how counsel may prepare a motion for a new trial [which ordinarily, as held in Boydstun v. Presley, 244 Miss. 390, 141 So.2d 561 (1962), must be filed before the court term adjourns], or a bill of exceptions, and tender such during the trial which, as in this case, often lasts only a day. Absent any alleviating section dealing with the time logistics in the recently enacted eminent domain chapter, the situation is somewhat anomalous. Bills of exceptions and motions for a new trial may by agreement of court and counsel be filed subsequent to the term *102 or date of trial in a special court, provided such consent is made a matter of record. Williams v. Ramsey, 52 Miss. 851 (1875). See also May v. Layton, 213 Miss. 129, 55 So.2d 460 (1951), where an additional day was allowed within which to file a bill of exceptions where the delay was not occasioned by any default by a party litigant.
Following the rationale of Williams, supra, and May, supra, where circumstances do not permit preparing and tendering to the judge a motion for a new trial, and/or a bill of exceptions during a trial or term, it is permissible for counsel to obtain an order signed by the judge taking such matters under advisement and continuing the cause for a reasonable time in which counsel may prepare, tender and file such post trial items. 293 So.2d at 11, 12).
It is clear from the foregoing statement that the motion for a new trial in this case was not timely filed, and it did not stay the time for perfecting the appeal. The eminent domain court adjourned without an order being entered granting appellant additional time to file a motion for a new trial. The court was without jurisdiction to entertain the motion filed after adjournment and the trial court was imminently correct in so holding.
We hold that the motion for new trial was not timely filed and did not stay the time for appellant to perfect its appeal.
As to appellant's contention that its appeal was perfected when it gave notice to the court reporter, we refer to the pertinent part of Section 11-27-29, supra, which reads as follows:
Every party shall have the right to appeal directly to the supreme court from the judgment entered in the special court of eminent domain, whether tried in county court or circuit court, by giving notice within ten (10) days from the date of the judgment or final order entered by the court to the court reporter to transcribe the record as taken and by posting bond in the penal sum of three hundred dollars ($300.00), except that no bond shall be required of the state of Mississippi or any political subdivision thereof. Such bond shall be conditioned to pay all costs that may be adjudged against him, and said notice to the court reporter shall be given and the bond shall be posted as is otherwise required by law for appeals to the supreme court. (Emphasis added).
In answer to this contention appellees argue that this notice to the court reporter did not perfect the appeal, but only preserved the right of the appellant to appeal. It is contended that in order to perfect that appeal the appellant was required to file a petition in accordance with Section 11-51-15, Mississippi Code 1972 Annotated, or to file with the clerk of this Court the record within forty-five days as required by Section 11-51-5, supra. Appellee also points out that four return days had passed since appellant contends that its appeal was perfected. However, appellant has made no effort to bring up a record in this cause and consequently the appeal must be dismissed in accordance with our decision in Harris v. Sykes, 207 So.2d 344 (Miss. 1968).
It is obvious that Section 11-27-29, supra, is not written in clear and unambiguous language. However, it is clear from the statute that when either party desires to appeal from a judgment of an eminent domain court and desires a copy of the notes of the court reporter, he must give notice to the court reporter within ten days from the date of the final judgment. It is also clear that this notice must be given in the manner as otherwise required by law for appeals to this Court. This means that the notice must be given in accordance with the provisions of Section 9-13-33, Mississippi Code 1972 Annotated. The *103 pertinent part of this section reads as follows:
In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten (10) days after adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee's attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal. (Emphasis added).
Appellant complied with the requirement relative to mailing to the court reporter at his usual place of abode a written notice that a copy of the notes was desired. However, he failed to comply with the requirement that a copy of the notice be filed with the clerk of the court stating how the notice was served and he also failed to serve a copy upon the appellees' attorney. Under the decisions of this Court, it was not necessary that a copy of the notice be filed with the clerk within ten days. The notice was so worded that had a copy of it been filed with the clerk of the court within the forty-five days allowed by Section 11-51-5, supra, it would have amounted to notice of appeal. Mississippi State Highway Comm'n v. Brown, 250 Miss. 773, 162 So.2d 508 (1964).
Appellant could also have perfected its appeal by filing a petition for appeal with the clerk of the court within forty-five days or by filing the record in this Court within forty-five days. Oswalt v. Austin, 192 Miss. 653, 6 So.2d 924 (1942). Having failed to meet any of the above requirements, we are constrained to hold that appellant did not perfect its appeal within the time allowed by law and must be dismissed. Furthermore, although four return days have now passed since appellant contends its appeal was perfected on June 20, 1974, no effort has been made to bring up the record. This, too, would be sufficient grounds to dismiss the appeal in accordance with the provisions of Section 11-3-13, Mississippi Code 1972 Annotated, and the decisions of this Court construing that section.
We deem it appropriate to point out that if it was the intention of the legislature by the provisions of Section 11-27-29, supra, to limit the time of appeal from a final judgment of an eminent domain court to ten days, the statute as written does not accomplish this purpose. If such is the desire of the legislature, we suggest an amendment to the statute clearly setting out the time and the method of appeal from such judgment.
For the reasons stated, we are of the opinion that the appeal in this case must be dismissed.
Appeal dismissed.
All Justices concur, except SMITH, J., who took no part.
ROBERTSON, Justice:

ON PETITION FOR REHEARING
The Mississippi State Highway Commission has filed a Petition for Rehearing to our decision sustaining the appellees' Motion to Docket and Dismiss the Commission's appeal. Under our Rule 14, we called on the Appellees to reply, and appellees have timely filed their answer and brief in support thereof.
Although the Commission did attach a copy of its Notice to the Court Reporter *104 to transcribe his notes to its Answer to the Motion to Docket and Dismiss, it was not until the Commission filed its Petition for Rehearing that it mentioned the fact that a copy had been filed with the circuit clerk. Upon reexamining the Notice, we do find this notation typed thereon:
"cc: Edwin Callicut", and this stamped thereon:
 "FILED
 EDWIN CALLICUTT, JR.
 Circuit Clerk
 by /s/ E.C. D.C.
 _____________________
 Jun 24 1974"
Even though the notice to the court reporter does not contain the certificate required by Section 9-13-33, Mississippi Code 1972 Annotated, of how the notice was served on the clerk, nor does it show a copy of the notice served upon appellees' attorney, we do feel that the appellant has complied with our opinion sustaining the motion to docket and dismiss when we said:
"The notice was so worded that had a copy of it been filed with the clerk of the court within the forty-five days allowed by Section 11-51-5, supra, it would have amounted to notice of appeal."
We, therefore, grant the petition for rehearing and reinstate the appeal.
On February 18, 1975, the appellant filed a petition for writ of certiorari, praying that a writ of certiorari be directed to the court reporter "requiring him to certify the record and to send up all the proper proceedings in this cause." In view of our sustaining the motion to docket and dismiss, we denied the petition for writ of certiorari. Since we are granting the Petition for Rehearing and reinstating the appeal, we feel that it would be proper to grant a writ of certiorari, not directed to the court reporter but to the circuit clerk because it is the clerk's duty to prepare the record, except for the transcript of the court reporter's notes, which writ will require the circuit clerk to prepare the record and send up to this Court as soon as possible.
Petition for rehearing granted and appeal reinstated.
This petition for rehearing was considered by a conference of the Judges En Banc.
All Justices concur, except SMITH, J., who took no part.